[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #110
The plaintiff in this case, Beth Kuhn, has brought this action against the defendant, People's Bank, her former employer. The first count of the complaint alleges intentional infliction of emotional distress upon the plaintiff and the second count alleges negligent infliction of emotional distress based upon the same conduct which is alleged in the first count. The third count was previously stricken by the court.
The defendant has now moved for summary judgment in its favor as to liability and in support thereof, attaches to its motion:
 The court's memorandum of decision regarding the defendant's motion to strike;
 The affidavit of Ellen Moriarty, employee relations specialist of the defendant;
Pages from the deposition of the plaintiff;
 Plaintiff's answers to interrogatories and requests for production;
 The defendant's employee handbook, along with the plaintiff's acknowledgment that she received that handbook;
 A letter dated June 13, 2000 to the plaintiff from CIGNA relating to her short term disability claim; and
A letter dated September 21, 2001 from the Department of Labor regarding a complaint filed by the plaintiff regarding vacation pay. CT Page 12650
The plaintiff has filed a brief in opposition to the defendant's motion and has attached thereto certain of the plaintiff's responses to the defendant's interrogatories and requests for production.
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A "material fact" is a fact which will make a difference in the outcome of the case.
Once the party moving for summary judgment has presented evidence in support of its motion, the party opposing the motion must submit evidence that creates an issue of material fact and may not simply assert that an issue of fact exits. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578-579 (1990).
In her complaint the plaintiff alleges that she was employed by the defendant from August 13, 1984 until she was terminated on June 9, 2000. In November of 1999 she alleges that she took a leave of absence for treatment of alcoholism and returned in March of 2000. In April of 2000 the plaintiff alleges that she relapsed and returned to her disability leave. Upon her return to work on June 9, 2000 she was terminated after being assured by Mrs. Moriarty on a number of occasions during the week preceding June 9 that she still had a job.
The plaintiff alleges that on June 9, 2000 she was fired for willful misconduct in April when she returned to her leave of absence, specifically that officials of the defendant falsely and maliciously accused her of being drunk on that day.
In her complaint the plaintiff alleges that between March of 2000 when she returned from her first leave of absence to April 2000 when she started her second leave of absence she was retaliated against by the agents of the defendant because of her alcoholism. She claims that she was subject to gossip and untruthful statements behind her back and she was followed wherever she went in the bank which caused unbearable stress which caused her relapse.
The affidavit of Ellen Moriarty states that the plaintiff was an at-will employee of the defendant. An at-will employee can be terminated by an employer at any time absent special circumstances not present in this case. Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474
(1980). CT Page 12651
As noted above, the first count of the complaint claims intentional infliction of emotional distress. In order to prevail with respect to a claim of intentional infliction of emotional distress, the plaintiff must allege and prove the following four elements: that the defendant either had the intent to inflict emotional distress or knew or should have known that emotional distress was a likely result of its conduct; that the defendant's conduct was extreme and outrageous; that the defendant's conduct caused the plaintiff emotional distress; and that the emotional distress suffered by the plaintiff was severe. Petyan v. Ellis,200 Conn. 243, 253 (1986). Liability for intentional infliction of emotional distress requires that the plaintiff prove conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven, 220 Conn. 225, 267 (1991).
The deposition of the plaintiff reveals that the retaliation alleged upon her return from her first leave of absence took the form of alienation. The plaintiff claims that she was excluded from conversations with other employees and basically ignored. (Deposition of Plaintiff, p. 25). She was no longer asked for her assistance in certain areas as she had been in the past. (Deposition of Plaintiff, p. 26.). She no longer went to lunch with certain co-workers. (Deposition of Plaintiff, p. 38). A co-worker was told to "keep an eye" on her and mark down the hours when she was coming in. (Deposition of Plaintiff, p. 40). Her impression that she was being followed was based upon being told by that co-worker that he had been told to "keep an eye on her." (Deposition of Plaintiff, p. 45). Her impression that people were gossiping about her was based on the fact that co-workers were no longer speaking to her. (Deposition of Plaintiff, pp. 46-47). The plaintiff's answers to the defendant's interrogatories do not essentially contradict her deposition testimony.
Applying the standards set forth in Petyan and DeLaurentis, this court is of the opinion that such conduct, even if it occurred as claimed by the plaintiff, does not amount to that type of extreme and outrageous conduct which would give raise to a cause of action of intentional infliction of emotions distress.
As to the circumstances surrounding the plaintiff's termination, in her answers to the defendant's interrogatories, she states that she was assured that she still had a job, but on the day that she was terminated she was told that she was being terminated because the defendant's agents believed she was drunk on the job on the day that she returned to treatment in April of 2000. She was told she was being terminated for willful misconduct. She was escorted from the defendant's premises by a CT Page 12652 security guard.
However, the mere fact of firing an at-will employee, even if wrongfully motivated, does not rise to the level of conduct required for intentional infliction of emotional distress. Muniz v. Kravis,59 Conn. App. 704, 709 (2000). Furthermore, the conduct of removing a fired employee from its premisses under a security escort is not patently unreasonable. Parsons v. United Technologies, 243 Conn. 66, 89 (1997).
Finally, with respect to the plaintiff's claim regarding the defendant's conduct in opposing her application for unemployment benefits, she cannot prevail. As noted by Judge Levine in his memorandum of decision regarding the defendant's motion to strike, the defendant's statements in this regard are absolutely privileged and thus cannot form the basis of a claim for the intentional infliction of emotional distress. Petyan v. Ellis, supra at 254.
In the second count the plaintiff alleges that the same conduct as alleged in count one gives raise to a cause of action in negligent infliction of emotional distress. In order to prevail on such a claim, the plaintiff has the burden of pleading and proving that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Montinieri v. Southern New EnglandTelephone Co., 175 Conn. 337, 345 (1978). "The elements of negligent and intentional infliction of emotional distress differ as to the state of mind of the actor and not to the conduct claimed to be extreme and outrageous." Muniz v. Kravis, supra at 709. The conduct of the defendant in this case does not rise to the necessary level.
Additionally, as to the plaintiff's claims regarding the period between March of 2000 and April of 2000, the Connecticut Supreme Court has recently held that a municipal employee is not liable for the negligent infliction of emotional distress arising out of actions or omissions occurring with the context of a continuing employment relationship as distinguished from actions or omissions occurring in the context of termination of employment. Perodeau v. Hartford, 259 Conn. 729 (2002). The Court's reasoning in Perodeau would appear to preclude the plaintiff in this case from recovery based upon the negligent infliction of emotional distress while in the context of her ongoing employment between March of 2000 and April of 2000 when she began her second leave of absence.
As to the plaintiff's claim for the negligent infliction of emotional distress in the termination process, as noted above, the mere termination CT Page 12653 of employment, even where it is wrongful does not transgress the bounds of socially tolerable behavior. Parsons v. United Technologies Corp., supra at 88-89. This is so even when the employee is removed under security escort. Parsons v. United Technologies Corp., supra at 89. Thus such conduct does not support a claim for the negligent infliction of emotional distress.
The plaintiff's claim regarding the defendant's response to her claim for unemployment benefits cannot be sustained for the same reason set forth in connection with count one.
For the reasons set forth above the defendant's motion for summary judgment is granted.
Bruce W. Thompson, Judge CT Page 12654